# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 16-60381

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

MIGUEL MENDIAS-MENDOZA,
Also Known as Javier Arturo Segovia-Mendias,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General.

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Miguel Mendias-Mendoza was found deportable by an immigration judge ("IJ") in 1991. In 2014—twenty-three years after the IJ's final deportation order—Mendias-Mendoza submitted to the IJ a motion to reopen his deportation. The IJ denied that motion, the Board of Immigration Appeals ("BIA") affirmed, and this petition for review followed. We deny the petition.

No. 16-60381

I.

Mendias-Mendoza, a native and citizen of Mexico, entered the United States without inspection on October 4, 1991. On the same day, the Immigration and Naturalization Service ("INS") served him with an order to show cause, charging him with deportability under § 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B) (1991). The reason was that Mendias-Mendoza had entered the United States without inspection. Mendias-Mendoza obtained an attorney, who filed a notice of appearance.

On October 16, 1991, the IJ held a deportation hearing. In connection with the hearing, Mendias-Mendoza entered into a written stipulation with the INS stating that he "underst[oo]d[] the nature and purpose of the deportation hearing and waive[d] any further explanation thereof." The stipulation also provided that he "admit[ted] all of the allegations of fact and conced[ed] the charge of deportability." The section of the stipulation allowing Mendias-Mendoza time to seek relief from deportation was crossed out. The stipulation further noted that he "agree[d] to accept the decision of the [IJ]" and "waive[d] appeal." It was signed by Mendias-Mendoza's attorney, an INS representative, and the IJ. Based on the stipulation, the IJ determined that Mendias-Mendoza was deportable as charged and ordered him deported to Mexico.

In November 2014, Mendias-Mendoza, through new counsel, moved to reopen in the immigration court. He asserted that he had lied to immigration officials in 1991 and had obtained lawful permanent resident ("LPR") status in October 1989. The only evidence in support of his motion was his affidavit, in which he claimed that he gave the Border Patrol agents a fake name in 1991, falsely informing them that he was undocumented. He also averred that he returned to the United States on the same day he was deported by using his LPR card and that he renewed his LPR card on two other occasions. Although

not reflected in his affidavit, Mendias-Mendoza asserted in his motion that his wife had been granted LPR status in 2009 based on his application. He also maintained that immigration authorities committed several procedural errors during his 1991 deportation proceedings. For example, he asserted that they did not process his fingerprints to verify his identity.

The IJ initially indicated that the motion to reopen was not untimely, because the time and numerical limitations on such motions do not apply to proceedings begun before 1992 under the former INA § 242(b), 8 U.S.C. § 1252(b). Then, the IJ concluded that Mendias-Mendoza had "provided no evidence to support his allegation" regarding his LPR status "other than his affidavit." But, the IJ explained, Mendias-Mendoza had not demonstrated that his alleged LPR status was unavailable at the time of his deportation proceedings. Moreover, the IJ determined that Mendias-Mendoza failed to establish *prima facie* eligibility for adjustment of status or to submit a required application to adjust his status. Finally, the IJ declined to exercise his *sua sponte* discretion to reopen the deportation proceedings.

The BIA dismissed Mendias-Mendoza's appeal, agreeing that he had provided insufficient evidence that he was an LPR at the time of his 1991 deportation proceedings. The BIA also concluded that Mendias-Mendoza had failed to give material evidence that was previously unavailable, to submit an application for relief, or to establish *prima facie* eligibility for the relief sought. The BIA similarly declined to exercise its *sua sponte* authority to reopen.

## II.

"Motions to reopen deportation proceedings are disfavored," and the party seeking relief has a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549−50 (5th Cir. 2006) (internal quotation marks omitted). We review "the denial of a motion to reopen under a highly deferential abuse-of-

discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks omitted).  The BIA "abuses its discretion" when it "issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

We review the BIA's conclusions of law *de novo* and its findings of fact for substantial evidence.  *Id.*  Under "substantial evidence" review, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Finally, we review only the order of the BIA "unless the IJ's decision has some impact on the BIA's decision," *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997), in which case we review the IJ's decision as well, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Because the BIA's decision was largely based on the IJ's findings and conclusion, we also consider the IJ's decision where appropriate.

## III.

Mendias-Mendoza spends much of his brief attacking the IJ's 1991 deportation order.  We lack jurisdiction to consider those contentions or to evaluate the validity of that order.  Any petition to review an IJ's deportation order "must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252(b)(1).  That time limit is "mandatory and jurisdictional." *Stone v. INS*, 514 U.S. 386, 405 (1995); *Guirguis v. INS*, 993 F.2d 508, 509 (5th Cir. 1993).  Accordingly, we lack jurisdiction to consider directly the 1991 deportation order or Mendias-Mendoza's arguments regarding it.

Moreover, to the extent that Mendias-Mendoza challenges the BIA's discretionary decision not to invoke its *sua sponte* authority, we lack

No. 16-60381

jurisdiction. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004). "[A] reviewing court has no legal standard against which to judge an IJ's decision not to invoke its *sua sponte* authority." *Id.* at 250.

IV.

Regarding Mendias-Mendoza's claim that the BIA improperly denied his motion to reopen,[1] the BIA may deny a motion to reopen on at least three independent grounds: (1) "[T]he movant has not established a prima facie case for the underlying substantive relief sought," (2) "the movant has not introduced previously unavailable, material evidence," and (3) the movant is not entitled to a discretionary grant of relief where discretionary relief is sought.[2] As stated above, the BIA and the IJ concluded that Mendias-Mendoza both failed to establish a *prima facie* case for relief and had not introduced previously unavailable, material evidence. Either ground would be sufficient.

It is evident that Mendias-Mendoza has not provided any material, previously unavailable evidence to justify reopening. *See Abudu*, 485 U.S. at 104–05; 8 C.F.R. § 1003.23(b)(3). The main thrust of Mendias-Mendoza's motion is that he was an LPR at the time of his 1991 deportation hearing and that his deportation was therefore invalid. As the IJ and BIA explained, however, there is no reason that information was unavailable at the 1991 deportation hearing.

---

[1] As a preliminary matter, 8 C.F.R. § 1003.23(b)(1) provides that a "motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." Although Mendias-Mendoza's motion clearly exceeded that limit, the IJ did not rely on it as a reason for denial. Instead, the IJ construed *In re Cruz-Garcia*, 22 I. & N. Dec. 1155, 1156–59, as removing Mendias-Mendoza's case from these time limitations. But *Cruz-Garcia* did not so hold. Rather, it held only that motions to reopen proceedings conducted *in absentia* were not subject to time limitations. *Id.* at 1158–59. Accordingly, *Cruz-Garcia* would not dictate the application of § 1003.23(b)(1) to Mendias-Mendoza's case.

[2] *INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *see also Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005); 8 C.F.R. § 1003.23(b)(3).

No. 16-60381

Mendias-Mendoza's only averment that would not have been available in 1991 is that he twice renewed his LPR status since 1991. But that evidence is ultimately immaterial—the possibility that Mendias-Mendoza's LPR status was renewed just buttresses his assertion that he had LPR status in 1991. The relevant facts are still that he admitted he was deportable in 1991, but now claims that he had LPR status since 1989. Accordingly, the BIA did not abuse its discretion in finding that Mendias-Mendoza had not provided any material, previously unavailable evidence to justify granting a motion to reopen.[3]

## V.

Mendias-Mendoza contends that the BIA denied him due process in considering the motion to reopen. But the decision whether to grant a motion to reopen is entirely within the discretion of the BIA and the IJ—"[e]ven if a moving party has established a prima facie case for relief, an IJ can still deny a motion to reopen." *See Altamirano-Lopez*, 435 F.3d at 550; 8 C.F.R. § 1003.23(b)(1)(iv). The Fifth Amendment right to due process is not violated unless there is a deprivation of a liberty interest. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Moreover, "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Id.* Thus, Mendias-Mendoza did not have a protected liberty interest in his motion to reopen, and his due-process claim fails. *See id.*; *Altamirano-Lopez*, 435 F.3d at 550.

The petition for review is DENIED.

---

[3] In his motion, Mendias-Mendoza also asserts that his wife was granted LPR status based on his LPR status. That statement, however, is not found in his affidavit, and statements made by an attorney in a motion are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984).