# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

MARIO MENDOZA-MENDOZA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 544 484

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Mario Mendoza-Mendoza was removed from the United States in 1997, and he filed a motion to reopen his removal proceedings in 2016. He petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the order of the Immigration Judge (IJ) denying his motion to reopen removal proceedings. The BIA found that Mendoza-Mendoza's motion was untimely

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60110

and declined to exercise its sua sponte discretion to reopen the removal proceedings.

Mendoza-Mendoza argues that the BIA erred in not equitably tolling the deadline for filing his motion to reopen. A statutory motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Motions to reopen under § 1229a are subject to equitable tolling. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). We have jurisdiction to review a request for equitable tolling of a motion to reopen. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *Lugo-Resendez*, 831 F.3d at 343-44. Equitable tolling is warranted only if the litigant establishes that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez,* 831 F.3d at 344 (internal quotation marks and citation omitted). We review the denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Id.* at 340.

Mendoza-Mendoza filed his motion to reopen in 2016, more than 18 years after his 1997 removal order. The BIA recognized that Mendoza-Mendoza lacked representation at his removal hearing, but it rejected his claim that he acted diligently to pursue his rights when he did not investigate his case for more than 18 years, finding that Mendoza-Mendoza failed to demonstrate that he acted with due diligence to warrant equitable tolling of the 90-day filing deadline. The BIA did not abuse its discretion in finding that Mendoza-Mendoza's motion to reopen was untimely. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017), *cert. denied*, 199 L. Ed. 2d 535 (2018). The petition is therefore denied in part.

Mendoza-Mendoza argues that the BIA erred in denying his request for sua sponte reopening of his case due to exceptional circumstances. We lack

No. 17-60110

jurisdiction to review the BIA's decision not to exercise its discretion to grant Mendoza-Mendoza's motion to reopen. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). That precedent was not altered by *Mata* or *Kucana v. Holder*, 558 U.S. 233, 242-253 (2010). *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 & n.3 (5th Cir. 2017). The petition is therefore dismissed in part. *See Hernandez-Castillo*, 875 F.3d at 209.

Mendoza-Mendoza argues that the BIA erred in ignoring his argument that the IJ at his removal hearing erred in finding him ineligible for pre-conclusion voluntary departure. He also argues that the IJ at his removal hearing erred in failing to notify him that he was eligible for voluntary departure. We lack jurisdiction to consider Mendoza-Mendoza's contentions regarding the validity of the 1997 removal order. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017).

DISMISSED IN PART AND DENIED IN PART.