# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2019

Lyle W. Cayce
Clerk

WILLIAM ALFREDO LAZO-CASULA,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 666 461

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Alfredo Lazo-Casula, a native and citizen of El Salvador, failed
to appear at a removal hearing and an Immigration Judge (IJ) ordered that he
be removed in absentia. Lazo-Casula filed a motion to reopen his proceedings.
He claimed that conditions in El Salvador had changed so that he would face
a serious risk of harm or death if forced to return. He asserted that he had a
well-founded fear of persecution because of his political opinion and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60837

particular social group.  The IJ denied the motion to reopen, and the Board of Immigration Appeals (BIA) dismissed his appeal.

Lazo-Casula argues that the BIA erred in dismissing his appeal because he failed to demonstrate prima facie eligibility for asylum.  The BIA may deny a motion to reopen if the "movant has not established a prima facie case for the underlying substantive relief sought." *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (internal quotation marks and citation omitted).  We review the BIA's legal conclusions de novo and its factual findings for substantial evidence and will reverse those findings only if "the evidence *compels* it."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)).

In the context of an asylum claim, a petitioner must establish that he has suffered past persecution or has a well-founded fear of future persecution on the basis of his actual or imputed political opinion.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013); *Thuri v. Ashcroft,* 380 F.3d 788, 792 (5th Cir. 2004).  Lazo-Casula has not shown that anyone in El Salvador is aware of his political opinion of opposing the gangs or would be motivated to persecute him for that opinion.

An asylum claim may also be based on membership in a particular social group.  *Orellana-Monson*, 685 F.3d at 518. Lazo-Casula asserts that he is a deportee father of a special needs United States citizen child, but he offers no evidence as to how Salvadoran society perceives this group or how it is sufficiently distinct so as to form a discrete class of persons.  *See id.* at 519; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-49 (5th Cir. 2006).

The evidence does not compel a reversal of the BIA's judgment.  *Orellana-Monson*, 685 F.3d at 518.   Lazo-Casula's petition for review is DENIED.