# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

No. 17-60725
Summary Calendar

HAMIS ATHOMAN CHANDE,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 613 182

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hamis Athoman Chande, a native and citizen of Tanzania, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen for lack of jurisdiction and declining to reopen his removal proceedings. He also moves for the appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60725

We review the BIA's decision and will consider the underlying decision of the IJ to the extent it influenced the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo, with deference accorded to the BIA's reasonable interpretations of immigration statutes and regulations. *Rui Yang v. Holder*, 664 F.3d 580, 584-85 (5th Cir. 2011). The denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 226 (5th Cir. 2017) (internal quotation marks and citation omitted).

Chande has failed to show that the BIA erred in affirming the IJ's denial of his motion to reopen for lack of jurisdiction. *See Rui Yang*, 664 F.3d at 584-85. The administrative record reflects that in 2007, the BIA dismissed Chande's appeal of the IJ's denial of his first motion to reopen and adjudicated the motion to reopen filed before the BIA. Accordingly, jurisdiction over any subsequently filed motions to reopen was vested with the BIA. *See* 8 C.F.R. § 1003.2(a); 8 C.F.R. § 1003.23(b)(1); *In re C-W-L-*, 24 I. & N. Dec. 346, 350-51 (BIA 2007); *In re Aviles*, 15 I. & N. Dec. 588, 588 (BIA 1976).

Assuming that it had jurisdiction, the BIA declined to reopen Chande's removal proceedings pursuant to 8 U.S.C. § 1229a(c)(7)(C)(ii) because Chande had failed to establish that there were materially changed conditions in Tanzania warranting the reopening of his removal proceedings for a hearing. Chande has not shown that the BIA's decision was an abuse of discretion. *See Mendias-Mendoza*, 877 F.3d at 226-27. Even if Chande's sworn allegations were sufficient to make a prima facie showing that a deportation officer disclosed information in violation of 8 C.F.R. § 208.6 and that the Tanzanian government knew he was a failed asylum seeker, Chande did not present any evidence that the Tanzanian government is embarrassed by and persecutes

No. 17-60725

failed asylum seekers upon their return.  *See* 8 C.F.R. § 1003.2(c)(1); *Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).  Likewise, even if the evidence was sufficient to establish that Chande was convicted of a drug offense and that the Tanzanian government knew or could easily become aware of this conviction, Chande did not present any objective evidence that the Tanzanian government is embarrassed by and persecutes persons convicted of drug offenses upon their return.  *See* § 1003.2(c)(1); *Mendias-Mendoza*, 877 F.3d at 227-28.

The BIA was not afforded an opportunity to address Chande's arguments that it: (1) violated precedent and his rights to due process and equal protection of the law by engaging in improper factfinding rather than remanding the matter to the IJ for a hearing on the merits of his application for relief from removal; (2) applied the wrong legal standard in deciding his motion to reopen; (3) failed to consider and make findings on all of the claims presented in his motion to reopen; (4) improperly evaluated each piece of evidence in isolation when assessing whether he had made a prima facie showing of his eligibility for relief from removal; and (6) conflated the burden of making a prima facie showing of eligibility for relief from removal with the requirement that he produce material, previously unavailable evidence to justify reopening.  Therefore, Chande failed to exhaust his administrative remedies as to these issues, and we lack jurisdiction to consider them in the instant petition.  *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Finally, Chande contends that the BIA abused its discretion by refusing to refer his case to a three-member panel.  Because Chande has not shown that his case met the standards for assignment to a three-member panel, he has failed to show an abuse of discretion.  *See* 8 C.F.R. § 1003.1(e)(6).

No. 17-60725

Accordingly, Chande's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction. His motion for the appointment of counsel is DENIED.