# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2019

Lyle W. Cayce
Clerk

No. 18-60804
Summary Calendar

MARIA REYNOSO-RAMIREZ, also known as Maria Reynoso, also known as
Maria Ramirez,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 026 564

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Maria Reynoso-Ramirez has petitioned for review of the decision of the
Board of Immigration Appeals (BIA) denying Reynoso-Ramirez's petition for
cancellation of removal. The BIA determined that Reynoso-Ramirez had not
met her burden of showing, under the catch-all provision of 8 U.S.C. § 1101(f),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

that she was a person of good moral character during the relevant 10-year period.

The respondent contends that this court lacks jurisdiction to review Reynoso-Ramirez's challenge of the BIA's discretionary determinations (a) that Reynoso-Ramirez failed to demonstrate that she was of good moral character, and (b) that cancellation of removal was not merited. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Reynoso-Ramirez contends that this court has jurisdiction because her petition presents constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Although the respondent contends that Reynoso-Ramirez's vagueness challenge is unexhausted, "this court has concluded that when a petitioner's due process claim does not assert a procedural error correctable by the BIA, it is not subject to an exhaustion requirement." *Lopez De Jesus v. INS*, 312 F.3d 155, 162 n.47 (5th Cir. 2002); *see also Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019), *as revised* (Apr. 26, 2019).

Reynoso-Ramirez does not have a constitutionally protected liberty interest in the discretionary relief of cancellation of removal or in eligibility for that relief. *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014). Thus, her due process rights are not implicated by the agency's decision. *See United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002). Accordingly, we decline to reach the merits of her vagueness challenge because her claim is insufficient to trigger protection of the Due Process Clause.

Next, Reynoso-Ramirez maintains that the BIA's briefing schedule was unfair and violated her rights to due process and equal protection. But the BIA noted that Reynoso-Ramirez could have filed a motion for supplemental briefing to respond to the respondent's brief. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (noting that "the failure to receive relief that is purely

discretionary in nature does not amount to a deprivation of a liberty interest"). Additionally, this is not a case involving unfavorable or disparate treatment for a similarly situated group of individuals. Because Reynoso-Ramirez fails to assert any constitutionally protected interest or present a meritorious equal protection constitutional challenge, we likewise decline to reach the merits of this argument. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017).

Lastly, despite Reynoso-Ramirez's claim that her DUI convictions are immaterial to her demonstration of good moral character, her contention rests on whether the BIA abused its discretion in denying relief, and such review is beyond this court's jurisdiction. *See* § 1252(a)(2)(B)(i); *see also Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).

The petition for review of the BIA's decision denying Reynoso-Ramirez's petition for cancellation of removal is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION. The respondent's motion to dismiss is GRANTED IN PART.