## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60543

REZA HEIDARI,

      Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

      Respondent

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 585 631

Before OWEN, Chief Judge, and BARKSDALE and DUNCAN, Circuit Judges.

PER CURIAM:*

      Primarily at issue is whether our court has jurisdiction over a petition for review by Reza Heidari, whose criminal history triggers 8 U.S.C. § 1252(a)(2)(C)'s jurisdictional bar. The petition makes a factual challenge to the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's (IJ) denying a motion to reopen removal proceedings for deferral of removal under the Convention Against Torture (CAT). DISMISSED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60543

I.

Heidari, an Iranian citizen, was admitted to the United States as a refugee in 2004. He became a lawful permanent resident in 2006.

In May 2012, however, he pleaded guilty to attempted distribution of opium, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to, *inter alia*, 18-months' imprisonment. The Department of Homeland Security then charged Heidari with two grounds of removability based on his conviction: having been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii); and having been convicted of a controlled-substance offense, pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).

During removal proceedings, in September 2013, Heidari conceded his removability but sought its deferral under the CAT. An IJ found Heidari did not meet his CAT burden of showing it was more likely than not he would be tortured if removed to Iran: his testimony was insufficient; and he failed to provide reasonably available corroborating evidence. Consequently, the IJ denied Heidari's requested relief and ordered him removed to Iran.

Heidari waived his right to appeal to the BIA. (He was not removed to Iran and was released from U.S. Immigration and Customs Enforcement's custody in December 2013. The record is unclear as to why he has not been removed; apparently the requisite Iranian travel document is lacking.)

Almost four years later, in July 2017, Heidari moved to reopen his removal proceedings for deferral of removal under the CAT, based on claimed new and previously unavailable evidence. The IJ denied this motion on two independent grounds.

First, after noting a movant must "make a *prima facie* showing that there is a reasonable likelihood that the relief sought would be granted at the reopened hearing", the IJ found the record evidence did not establish *prima*

No. 18-60543

*facie* eligibility for relief.  As in 2013, Heidari failed to include reasonably available corroborating evidence with his motion.

Second, noting that a motion to reopen may be filed after the normal 90-day filing deadline "if the basis of the motion is to apply for asylum, withholding of removal, or protection under the [CAT] . . . based on changed country conditions arising in the country of nationality or the country to which removal has been ordered", the IJ found Heidari had not shown changed country conditions in Iran, as required, to permit his untimely filing.  Instead, circumstances Heidari highlighted—his "conversion to Christianity; his marriage to a U.S. citizen and the subsequent birth of his son; [his] increased participation in the U.S. in Iranian political activities; and an Iranian arrest warrant, purporting to show [he] was convicted of counter-revolutionary activity and sentenced to 12 years"—were personal to him.

Heidari challenged the IJ's decision on appeal to the BIA.  In July 2018, the BIA adopted and affirmed the IJ's decision.  In doing so, the BIA agreed with the IJ that:  Heidari's evidence did not establish *prima facie* eligibility for deferral of removal under the CAT; and his untimely motion to reopen removal proceedings was not, as required, based on changed country conditions in Iran.

II.

Heidari filed the instant petition in August 2018, asserting the BIA erred in affirming the IJ's denial of his motion to reopen removal proceedings.  For the following reasons, we lack jurisdiction to review the challenged decision.

A.

We determine our jurisdiction to review a BIA decision *de novo*. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (citation omitted).  And, pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section[s] . . . 1227(a)(2)(A)(iii)

No. 18-60543

[aggravated felony], (B) [controlled-substance offense], (C), or (D) of this title". 8 U.S.C. § 1252(a)(2)(C).  On the other hand, pursuant to § 1252(a)(2)(D), we may review "constitutional claims or questions of law raised upon a petition for review", even when, as in this instance, § 1252(a)(2)(C) otherwise precludes jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(D).

1.

Although Heidari concedes his 2012 conviction would normally subject him to § 1252(a)(2)(C)'s jurisdictional bar, he disputes whether the bar extends to petitions for review of denied motions to reopen removal proceedings for deferral of removal under the CAT.  Our court has held, however, that § 1252(a)(2)(C)'s jurisdictional bar applies to petitioners seeking to reopen removal proceedings, *see Zhong Qin Yang v. Sessions*, 728 F. App'x 376, 376–77 (5th Cir. 2018) (per curiam), and to petitioners seeking deferral of removal under the CAT, *see Siwe v. Holder*, 742 F.3d 603, 612–13 (5th Cir. 2014).

2.

*Prima facie* eligibility for deferral of removal under the CAT is a factual determination, reviewed for substantial evidence.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted).  Heidari, therefore, does not present the requisite constitutional claim or question of law permitting, under § 1252(a)(2)(D), judicial review of the BIA's finding on this issue.  *See, e.g.*, *Zhong Qin Yang*, 728 F. App'x at 376–77 ("Because [petitioner] was removable as an alien convicted of an aggravated felony and because his argument [that he established *prima facie* eligibility for CAT relief] amounts to a challenge of the BIA's factual determination, we lack jurisdiction to consider [his] petition." (citations omitted)); *Siwe*, 742 F.3d at 613 ("[B]ecause [petitioner] has an aggravated felony conviction, [§§ 1252(a)(2)(C)–(D)] limit[] our jurisdiction in this case to a review of questions of law and constitutional challenges. . . . As [§§ 1252(a)(2)(C)–(D)] prevent[] us from reviewing such factual determinations

No. 18-60543

[as whether petitioner is more likely than not to be tortured if removed], . . . we dismiss [the] petition for review as to the CAT." (citations omitted)).

### B.

Needless to say, because we lack jurisdiction to review whether Heidari established *prima facie* eligibility for deferral of removal under the CAT, we do not reach other issues raised in his petition. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227–28 (5th Cir. 2017) (holding movant's "not establish[ing] a prima facie case for the underlying substantive relief sought" an independently sufficient ground for the BIA to deny a motion to reopen removal proceedings (citations omitted)).

### III.

For the foregoing reasons, the petition is DISMISSED.