# United States Court of Appeals for the Fifth Circuit

No. 19-60170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2020

Lyle W. Cayce
Clerk

Jose Ignacio Almaguer,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 334 373

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jose Ignacio Almaguer, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) order denying his motion to reopen removal proceedings. The BIA concluded that Almaguer's motion, which was filed

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

more than 17 years after the entry of the final order of removal, was untimely on its face and that equitable tolling was not warranted because Almaguer failed to show that he pursued his rights diligently. The BIA found, in the alternative, that Almaguer failed to establish his prima facie eligibility for relief. The BIA also rejected Almaguer's argument that reopening was warranted in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

To the extent that Almaguer's arguments implicate the validity of his removal order, we lack jurisdiction to consider the issue as Almaguer did not appeal the removal order to the BIA and therefore failed to exhaust his administrative remedies. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227-28 (5th Cir. 2017); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). Insofar as Almaguer argues that the BIA ignored his arguments on this issue, we lack jurisdiction to consider his unexhausted challenge to the BIA's "act of decisionmaking." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); *see also Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

We have jurisdiction to review the denial of a statutory motion to reopen based on untimeliness, *Mata v. Lynch*, 576 U.S. 143, 147 (2015), including the question presented here, which is, whether a given set of facts gives rise to equitable tolling, *see Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020). The BIA's determination that Almaguer provided only vague statements supporting his assertion that he acted diligently in discovering the possibility of relief was not erroneous or inconsistent with our reasoning in *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017), or *Mejia v. Barr*, 952 F.3d 255 (5th Cir. 2020), in which we explained that "reasonable diligence" means "within a reasonable time," rather than "within a reasonable time but only when you think you can win." *Mejia*, 952 F.3d at 259 (internal quotation marks omitted). Nor do we find that the BIA's decision represented an unacceptably harsh application of equitable tolling under the circumstances. In light of the record before it, the BIA's decision regarding equitable tolling

was not "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (internal quotation marks and citation omitted).

The BIA also affirmed the IJ's alternative finding that Almaguer failed to establish his prima facie eligibility for relief by failing to provide sufficient documentary evidence of his prior Arkansas conviction and sentence, which was relevant to the relief he sought. Almaguer has abandoned any challenge to the BIA's determination with respect to his eligibility for cancellation of removal, *see Singh v. Sessions*, 898 F.3d 518, 521 (5th Cir. 2018); however, he argues that he has demonstrated prima facie eligibility for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act. Specifically, Almaguer argues that he provided sufficient evidence to show that he did not serve five or more years for his 1994 drug offense. Because Almaguer was removable based on his conviction for a controlled substance offense, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II), and because his argument amounts to a challenge to the BIA's factual determination that he failed to submit sufficient documentary evidence establishing his prima facie eligibility for a § 212(c) waiver, *see Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), we lack jurisdiction to consider the issue, *see* 8 U.S.C. § 1252(a)(2)(C)-(D); *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

Finally, in rejecting Almaguer's argument that reopening was warranted in light of *Pereira* because the notice to appear (NTA) was deficient and divested the immigration court of jurisdiction over his removal proceedings, the BIA explicitly relied on its prior opinion in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018), which held that a two-step notice procedure was sufficient to meet the statutory requirements. Although Almaguer urges us to reject the rationale in *Bermudez-Cota*, his

argument is foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684, 690-91 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020), in which we explicitly endorsed a two-step notice process. Moreover, the record reflects that Almaguer was personally served with the NTA, that he admitted the allegations in the NTA and conceded his removability, and that he was subsequently served, through counsel, with a notice of hearing that set forth the date, time, and place of the hearing. Thus, the BIA did not abuse its discretion by concluding that reopening was not warranted on this basis. *See Mejia*, 952 F.3d at 259.

For these reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.