# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 19-60831
Summary Calendar

Manpreet Singh,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 215 912 576

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Manpreet Singh, a native and citizen of India, petitions for review of
an order by the Board of Immigration Appeals ("BIA") dismissing his appeal
of the denial of his application for asylum, withholding of removal, and relief
under the Convention Against Torture ("CAT"), and of an order denying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his motion to reopen. To the extent that Singh contends that his due process rights were violated because the immigration judge was biased and did not act as a neutral factfinder, that claim is unexhausted, so we lack jurisdiction to address it. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

We review the BIA's decision; we consider the immigration judge's decision only to the extent that it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, legal determinations *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Although Singh posits that he suffered persecution when he was attacked twice, resulting in injuries to his leg, back, and chest, those incidents are not extreme enough to compel a finding of past persecution. *See Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 907 (2020). Accordingly, there is no basis to overturn the BIA's determination that Singh failed to demonstrate past persecution. Because Singh merely urges that his fear of future persecution is subjectively and objectively reasonable, and because he does not address the BIA's determination that he could safely relocate within India, he has abandoned any challenge to the decision that he does not have a well-founded fear of future persecution. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Because Singh "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," he cannot meet the more stringent burden for obtaining withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)). Additionally, Singh is unable to demonstrate that he is entitled to protection under the CAT because the incidents specific to him do not even rise to the level of persecution. *See Qorane*, 919 F.3d at 911.

We review the denial of a motion to reopen under a highly deferential

No. 19-60831

abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). Although Singh has presented evidence that after his Rashtriya Lok Dal Party member cousin fled India, his uncle was killed by Bharatiya Janata Party members looking for his cousin, that evidence is insufficient to establish that Singh was subjected to past persecution because he was not the intended target of the harm inflicted on his cousin and his uncle. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 771 (5th Cir. 2019). In any event, Singh has failed to show that he is entitled to reopening because the evidence is neither material nor previously unavailable. The evidence is immaterial because it does not address the BIA's determination that Singh could safely relocate within India. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017). Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

Based upon the foregoing, the petition for review is DENIED in part and DISMISSED in part.