# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 19-60674
Summary Calendar

Maria Mercedes Gomez-De Saravia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 538 949

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Maria Mercedes Gomez-De Saravia petitions for review of a Board of Immigration Appeals (BIA) decision denying her motion to reopen. She argues that a recent Supreme Court case, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), necessitates reopening and termination of her removal proceedings

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and, alternatively, that *Pereira* renders her eligible for post-conclusion voluntary departure and thus the time and number limitations associated with motions to reopen should be equitably tolled. Here, the BIA denied the motion to reopen as time and number barred. Alternatively, the BIA held that on the merits *Pereira* did not apply to Gomez-De Saravia's case. We do not address Gomez-De Saravia's argument that the 90-day period for filing a motion to reopen should have been equitably tolled.

This court reviews an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Garcia-Nuñez v. Sessions,* 882 F.3d 499, 505 (5th Cir. 2018). We find that Gomez-De Saravia's arguments regarding *Pereira* are precluded by our precedent. *Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020); *see also Mauricio-Benitez, v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018). Her arguments do not concern the stop time rule and so her case was not changed by the decision in *Pereira. Id.*

We lack jurisdiction to consider Gomez-De Saravia's argument concerning the BIA's sua sponte authority. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017).

AFFIRMED in part; DISMISSED in part.