# United States Court of Appeals for the Fifth Circuit

No. 19-60799
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2021

Lyle W. Cayce
Clerk

Juan Evelio Ulloa-Guzman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 397 493

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Juan Evelio Ulloa-Guzman petitions for review of a decision of the Board of Immigration Appeals (BIA) denying reconsideration of its order vacating the grant of a motion to reopen his 1996 deportation proceeding. He sought reopening of his in absentia deportation order based on a claim that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60799

he did not receive notice of the hearing due to an error in his listed address. We review the denial of a motion to reopen or reconsider under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). The BIA only abuses its discretion when its decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

In his petition for review, Ulloa-Guzman first argues that the BIA erred in concluding that the immigration judge lacked jurisdiction to grant his motion to reopen due to the reinstatement bar of 8 U.S.C. § 1231(a)(5). Because the BIA found in the alternative that Ulloa-Guzman was not entitled to reopening based on his failure to correct the address listed on the order to show cause, we decline to address this issue.

Ulloa-Guzman also argues that the BIA abused its discretion by denying reconsideration based on its determination that he had an obligation to correct the address shown on his order to show cause, which had been personally served on him. In *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th Cir. 2018), we rejected the argument that an alien is required only to alert the immigration court of a change in his address. Regardless of the source of the error in his listed address, we held that the alien – who had notice of the error upon receipt of his notice to appear – was obligated to correct the error and that the failure to receive notice of the hearing in such circumstances was not grounds to reopen or to rescind an in absentia removal order. *Id.* at 148-49. Because Ulloa-Guzman also had notice of the error in his listed address, but he failed to take any steps to correct it, his failure to receive notice of his deportation hearing is not grounds to reopen or rescind his in absentia removal hearing. Therefore, he has not shown that the

2

No. 19-60799

BIA abused its discretion in denying his motion to reconsider. *See Lowe*, 872 F.3d at 715.

Finally, Ulloa-Guzman argues that the BIA abused its discretion by finding that he failed to show an exceptional circumstance warranting sua sponte reopening. Because he did not receive notice of his hearing, Ulloa-Guzman asserts that the entry of a deportation order, and the later reinstatement of that order, constitutes a gross miscarriage of justice and a due process violation warranting sua sponte reopening. However, this court does not have jurisdiction to consider the BIA's decision to decline to exercise its sua sponte authority to reopen, so his petition is dismissed in part. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017). In addition, the Fifth Amendment right to due process is not violated unless there is a deprivation of a liberty interest; however, "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (internal quotations and citation omitted). Although we have jurisdiction to review a constitutional claim, *see Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019), because Ulloa-Guzman did not have a protected liberty interest in a motion to reopen, his due-process claim fails. *See Altamirano–Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

Accordingly, Ulloa-Guzman's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

3