# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2021

Lyle W. Cayce
Clerk

No. 19-60569

Ndam N. Ndon, also known as Ndam Kenneth Ndon,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 817 167

Before Owen, *Chief Judge*, and Smith and Graves, *Circuit Judges*.
Per Curiam:*

Ndam Ndon petitions this court for review of a Board of Immigration Appeals (BIA) order dismissing an appeal from an Immigration Judge's decision denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We dismiss the petition for want of jurisdiction.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60569

Ndon, a native and citizen of Cameroon, arrived in the United States in 2018 and applied for asylum, withholding of removal, and protection under the CAT based on his persecution at the hands of the Cameroonian government.  The Immigration Judge denied Ndon's application due to "omissions, implausibility, vagueness, and inconsistencies between [Ndon's] testimony and other evidence submitted into the record, as well as his interviews with the asylum officer."  Ndon appealed to the BIA, which dismissed the appeal because it perceived no clear error in the Immigration Judge's credibility determination.  The BIA issued its ruling on June 5, 2019.  Ndon, proceeding pro se at the time, filed his petition for review on June 29, 2019, but with the wrong court—the Fifth Circuit Court of Appeal of Louisiana.  Upon being notified of his mistake, Ndon filed his petition for review with our court, but not until July 29, 2019.

We lack jurisdiction over Ndon's petition.  Though the government does not contest jurisdiction, this court has "an independent obligation to determine whether [it] exists."[1]  A petition for review must be filed within thirty days of the date of the final order of removal.[2]  This timeliness requirement is "mandatory and jurisdictional,"[3] and the Supreme Court has made clear that courts "ha[ve] no authority to create equitable exceptions to

---

[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[2] 8 U.S.C. § 1252(b)(1).

[3] *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 475 (1999) (recognizing that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 "repealed the old judicial-review scheme . . . and instituted a new (and significantly more restrictive) one in 8 U.S.C. § 1252").

No. 19-60569

jurisdictional requirements."[4]  Ndon's petition for review was not filed within thirty days of the BIA's order, and we are therefore without jurisdiction to consider it.[5]

We recognize the harshness of the jurisdictional timeliness requirement as applied here.  But we are bound by Supreme Court and Fifth Circuit precedent, which firmly establishes that we are without the power to create any equitable exception.

*     *     *

Based on the foregoing, we DISMISS Ndon's petition for review.

---

[4] *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) ("Additionally, no equitable exception can overcome this jurisdictional defect.").

[5] *See Mendias-Mendoza*, 877 F.3d at 227.