# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2021

Lyle W. Cayce
Clerk

No. 20-61033
Summary Calendar

Roberto Ailon-Mendosa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 490 980

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Roberto Ailon-Mendosa,[1] a native and citizen of Guatemala, was ordered removed in absentia in 1999. He moved to reopen his removal proceedings in 2020 and now petitions for review of the order of the Board

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The petitioner's last name also appears in the record as Ailon-Mendoza.

of Immigration Appeals (BIA) dismissing his appeal from the denial of that motion by the immigration judge (IJ).

We review the denial of a motion to reopen under a "highly deferential" abuse-of-discretion standard. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005)). This standard requires us to affirm the denial "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citing *Singh*, 436 F.3d at 487). Our review is generally confined to the BIA's decision, even though we may also consider the IJ's decision insofar as it affected the decision of the BIA. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citing *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)).

Aliens seeking to reopen their removal proceedings may invoke the immigration court's regulatory power to reopen sua sponte or a statutory right to reopen under 8 U.S.C. § 1229a(c)(7). *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340–41 (5th Cir. 2016). Ailon-Mendosa did both. First, he claimed that reopening was appropriate under § 1229a(c)(7)(C)(ii), a provision that allows reopening at any time[2] based on evidence of changed country conditions. Ailon-Mendosa introduced little evidence of changed conditions; his submission primarily concerned an incident involving his father. The BIA did not abuse its discretion in concluding that this was insufficient to demonstrate the requisite showing of a material change of conditions in Guatemala between the time Ailon-Mendosa was ordered removed in 1999 and the filing of his motion in 2020. *See Nunez v. Sessions*, 882 F.3d 499, 508–

---

[2] A statutory motion to reopen must generally be filed within 90 days of the entry of a removal order. *See* § 1229a(c)(7)(C)(i).

09 (5th Cir. 2018) (noting that "a petitioner bears a heavy burden to show changed country conditions"); *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Singh*, 436 F.3d at 487.

Ailon-Mendosa also contended that a sua sponte reopening was warranted because he did not receive effective notice of his removal proceedings in 1999. We lack jurisdiction to review denials of sua sponte reopenings. *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019). Neither may we consider whether the alleged lack of notice provided Ailon-Mendosa a *statutory* right to reopen his case, because he did not raise that claim before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318–19, 322 (5th Cir. 2009). Finally, to the extent Ailon-Mendosa attacks the underlying order of removal, his failure to file a timely petition for review of that order deprives us of jurisdiction to review it. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017).

Ailon-Mendosa's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.