# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 20-60592
Summary Calendar

FREDY ALEXIS ALVAREZ-NORIEGA,

*Petitioner,*

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 241 773

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges.*

PER CURIAM:*

Fredy Alexis Alvarez-Noriega, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his second motion to reopen.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

When evaluating a denial of a motion to reopen, we review the BIA's order but will also evaluate the IJ's underlying decision to the extent it influenced the BIA's opinion. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Motions to reopen are disfavored, and the movant bears a heavy burden. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017). We review factual findings under the substantial evidence test, meaning that this court may not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Questions of law are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Because Alvarez-Noriega failed to establish prima facie eligibility for an adjustment from temporary protected status (TPS) to legal permanent resident (LPR) based on his marriage to a U.S. citizen, the BIA did not abuse its discretion in denying his motion to reopen. *See Sanchez v. Mayorkas*, 141 S. Ct. 1809, 1811 (2021) (holding that an alien who receives TPS after entering the United States without being lawfully admitted is not eligible to later obtain LPR); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (holding that the BIA may deny a motion to reopen if the movant has not established a prima facie case for the underlying substantive relief sought). Regarding the other underlying relief he claims he is prima facie eligible for, because he failed to raise those issues in the first instance before the BIA, he has failed to exhaust his administrative remedies thereby depriving us of jurisdiction to review them. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

Accordingly, Alvarez-Noriega's petition for review is DISMISSED in part and DENIED in part. We need not reach his other issues on review. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and

No. 20-60592

agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.'').