# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2022

Lyle W. Cayce
Clerk

No. 21-60154
Summary Calendar

JINETE ROSARIO-GUZMAN,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 910 175

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Petitioner Jinete Rosario-Guzman is a native and citizen of the Dominican Republic who was ordered removed in absentia in 2003. She now petitions for review of the Board of Immigration Appeals's (BIA) dismissal of her appeal from the denial by an immigration judge (IJ) of her April 2020 motion to reopen her removal proceedings. To the extent that her appeal to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60154

the BIA contested the IJ's denial of her motions for a stay of removal and for reconsideration of the denial of her prior motion to reopen, Rosario-Guzman has abandoned any such challenges by failing to brief them in this review proceeding. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We lack jurisdiction to review Rosario-Guzman's challenge to the agency's refusal to reopen her removal proceedings sua sponte. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

We construe Rosario-Guzman's brief liberally because she is proceeding pro se. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). She arguably asserts that the BIA erred by dismissing her appeal from the IJ's denial of her motion to reopen her removal order under 8 U.S.C. § 1229a(c)(7). The BIA denied her statutory motion to reopen on the grounds that the motion was time barred, number barred, and did not establish a material change in country conditions in the Dominican Republic. We have jurisdiction to review the denial of a motion for statutory reopening, whether based on untimeliness or other grounds. *See Mata v. Lynch*, 576 U.S. 143, 147-48 (2015).

Motions to reopen a removal order are "disfavored," and we review the BIA's denial of such motions "under a highly deferential abuse-of-discretion standard." *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 226 (5th Cir. 2017) (quoting *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006)). Under this standard, "[t]he BIA 'abuses its discretion' when it 'issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies.'" *Id.* at 227 (quoting *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014)).

No. 21-60154

Rosario-Guzman has failed to show that the BIA abused its discretion in concluding that her April 2020 motion to reopen was both untimely and number barred. *See* 8 U.S.C. § 1229a(b)(5)(C)(i)-(ii); § 1229a(c)(7)(A); *Mendias-Mendoza*, 877 F.3d at 226-27. She has likewise failed to demonstrate that the BIA abused its discretion in affirming the IJ's determination that she did not establish the necessary change in country conditions to warrant reopening under § 1229a(c)(7)(C)(ii). *See Mendias-Mendoza*, 877 F.3d at 226-27.

Rosario-Guzman's petition for review is DISMISSED in part and DENIED in part.