# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60260
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2025

Lyle W. Cayce
Clerk

Nathaniel J. McAdam,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 082 316

————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Nathaniel J. McAdam, a native and citizen of the United Kingdom, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen, seeking to apply for cancellation of removal.   He contends the BIA erred by:  concluding the evidence and assertions in his motion to

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reopen could have been raised in his previous proceeding; and declining to consider his application for cancellation of removal.

Because motions to reopen are "disfavored", their denial is reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citation omitted). This standard requires the denial to stand unless it is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted). McAdam fails to meet this standard.

McAdam first asserts the contentions and evidence raised in his motion to reopen could not have been presented earlier because, during his *pro se* removal proceedings, he was misled by an attorney regarding his eligibility for cancellation of removal. These circumstances do not constitute "material, previously unavailable evidence to justify reopening". *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017). Moreover, as the BIA concluded, McAdam did not—and still does not—challenge the Immigration Judge's determining he abandoned his application for cancellation of removal.

Because the BIA denied McAdam's motion on those grounds, it was not required to consider whether he showed *prima facie* eligibility for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

DENIED.