**REVISED August 19, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60460
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

PATRICIA GRICEL MARTINEZ-MANZANAREZ,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 846 756

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia Gricel Martinez-Manzanarez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion seeking reconsideration of the BIA's dismissal of her appeal from an immigration judge's (IJ) order denying her motion to reopen

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her immigration proceedings and rescind an in absentia removal order that issued in 2011.

As a preliminary matter, we have jurisdiction to review only the motion for reconsideration because Martinez-Manzanarez did not separately petition for review of the order dismissing her appeal. *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006. We also lack jurisdiction to consider Martinez-Manzanarez's claim that she did not receive the requisite statutory notice under 8 U.S.C. § 1229a(1) and related claims because she failed to raise those claims in her proceedings before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). As she recognizes, her claim that the notice to appear served on her failed to confer jurisdiction on the immigration court based on the decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is foreclosed by our decision in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, --- S. Ct. ---, 2020 WL 1978950 (Apr. 27, 2020) (Mem.).

Thus, the only issue before this court is the BIA's refusal to reconsider its determination that Martinez-Manzanarez failed to exercise sufficient due diligence to warrant equitable tolling of the deadline for filing her motion to reopen and rescind the in absentia order, an issue we review "under a highly deferential abuse of discretion standard." *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). For the BIA to grant a motion to reconsider, the alien must "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008) (internal quotation marks and citation omitted). To obtain equitable tolling, the movant must establish (1) that she pursued her rights diligently and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

Martinez-Manzanarez argues that the BIA's determination that she failed to exercise sufficient due diligence to warrant equitable tolling was based on an application of our decision in *Lugo-Resendez* that was too harsh and failed to account for her unique circumstances. She further asserts that she demonstrated sufficient diligence under decisions of other circuits. As evidence of her diligence, she cites her status as a 17 year-old minor when she entered the United States, abuse by her sponsor that precluded her from receiving notice of her master hearing, a relationship with an abusive boyfriend that followed, a 2011 request for her immigration file under the Freedom of Information Act (FOIA), the negative response to that request, a two-year period from 2013-15 when she was defrauded by an individual purporting to be an attorney, her retention of counsel in 2016, and her prompt filing of a motion to reopen upon learning of the in absentia order.

However, the BIA declined to order a remand for the 2011 FOIA request to be presented to the IJ based, in part, upon its determination that it lacked jurisdiction to do so, and Martinez-Manzanarez did not challenge that determination in her motion for reconsideration. Furthermore, the affidavit describing Martinez-Manzanarez's efforts from 2013 through 2015 was attached only to her motion for reconsideration and thus was not considered by the agency when it denied her motion to reopen and dismissed her appeal. *See Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). Thus, the evidence pertaining to Martinez-Manzanarez's efforts to ascertain the status of her immigration proceedings from 2011 to 2016 was not before the BIA when it denied her motion to reconsider its dismissal of her appeal. Accordingly, we do not consider it.

The BIA's denial of Martinez-Manzanarez's motion for reconsideration was not abuse of discretion. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223,

227 (5th Cir. 2017).  The BIA could not grant reconsideration on claims that were presented on appeal that were not predicated on factual or legal error in its original decision.  *See Chambers*, 520 F.3d at 448.  Furthermore, neither the BIA nor this court is bound by the decisions of other circuits in immigration cases that originate in this circuit.  *See Matter of U. Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012); *see also Arce-Vences v. Mukasey*, 512 F.3d 167, 172 (5th Cir. 2007).  Finally, we are not persuaded that the BIA's rejection of Martinez-Manzanarez's claim that it misapplied the due diligence standard set forth in *Lugo-Resendez* was "capricious, irrational, [or] utterly without foundation in the evidence," in light of the record before it, which included Martinez-Manzanarez's failure to update her address with the immigration court or to identify any efforts to ascertain the status her immigration proceedings from 2011 through 2016.  *Mendias-Mendoza*, 877 F.3d at 227.

Because Martinez-Manzanarez failed to identify any factual, legal or procedural error that would support reconsideration and because we lack jurisdiction to consider her unexhausted claims, her petition for review is DISMISSED in part and DENIED in part.