**Fiqiri NELA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–4234–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Andrew P. Johnson, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fiqiri Nela, a native and citizen of Albania, seeks review of a July 28, 2008 order of the BIA affirming the February 26, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fiqiri Nela,* No. A078 934 386 (B.I.A. July 28, 2008), *aff'g* No. A078 934 386 (Immig. Ct. N.Y. City Feb. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I. Asylum, Withholding of Removal, and CAT Relief

Where, as here, the BIA affirms the IJ's decision in some respects but not others, and supplements the IJ's decision, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Monter v. Gonzales,* 430 F.3d 546, 553 (2d Cir.2005).

■ We find that substantial evidence supports the agency's conclusion that con-

ditions in Albania have fundamentally changed such that Nela does not have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir.2006) (per curiam) (upholding agency's finding that an applicant was ineligible for asylum and withholding of removal based on a fundamental change in Albania's political structure). Nela acknowledges that the Democratic Party, of which he is a member, presently controls the Albanian government. Further, the 2006 State Department Report on Albania in the administrative record contains no indication of systematic persecution of Democratic Party members in Albania. In addition, Nela points to no evidence compelling the conclusion that he would be specifically targeted for persecution as a Democratic Party member. *See* 8 U.S.C. § 1252(b)(4)(B). Under these circumstances, the agency properly denied Nela's application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (noting a withholding claim necessarily fails if applicant is unable to show objective likelihood of persecution needed to make out an asylum claim).

The agency properly denied relief under the CAT based on its finding that there was no evidence in the record that Nela would be subjected to torture upon his return to Albania. Because Nela has failed to cite any evidence in the record compelling a contrary conclusion, we will not disturb the agency's decision. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 161 (2d Cir.2005).

## II. Motion to Remand

■ We review the BIA's denial of motions to remand for abuse of discretion, applying the substantive requirements of a motion to reopen. *See Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005). The BIA did not abuse its discretion in denying Nela's motion to remand on the basis of new evidence, namely, an order granting his brother asylum and withholding of removal. Nela contends that the BIA abused its discretion in denying his motion "because it indicates that the IJ did not ensure uniformity of the adjudication of similar claims." The BIA, however, properly concluded that such evidence was not material to Nela's claim, reasoning that "the adjudicative result rendered in other asylum proceedings are of no probative, circumstantial value because the Executive Office for Immigration Review adjudicates applications for asylum and related relief on a case-by-case basis without regard for results rendered in separate proceedings." The BIA was reasonable in so finding, as the order of the IJ granting asylum to Nela's brother does not state the grounds for granting that relief, despite Nela's assertion that he and his brother "had the same story." Moreover, the BIA properly found that Nela's brother's statement was not previously unavailable. 8 C.F.R. § 1003.2(c)(1). As a result, the BIA did not abuse its discretion in denying Nela's motion for a remand. *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).