# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

No. 14-60549
Summary Calendar

ANDRES CARRILLO-ALMAZAN, also known as Andres Almazan Carrillo,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 073 826

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andres Carrillo-Almazan, a native and citizen of Mexico, challenges the Board of Immigration Appeals (BIA) denying his application for cancellation of removal. The BIA and the immigration judge found Carrillo failed to demonstrate his removal would result in the requisite exceptional and extremely unusual hardship to a qualifying relative.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60549

Carrillo contends the BIA's denial of relief could result in his separation from his children and, thus, violate his right to due process by affecting his fundamental liberty interest "in the parent-child relationship" under the First and Fifth Amendments. According to Carrillo, this matter should be remanded to the BIA for reconsideration because it failed to "account at all for evidence indicating removal would separate the children from their father". He also asserts the BIA's decision violates the due process and First Amendment rights of the children and their mother. Finally, Carrillo states the BIA's standard to determine whether to grant cancellation of removal is constitutionally inadequate because it applies uniformly regardless of whether the qualifying relative is the petitioner's spouse, parent, or child.

Cancellation of removal is a discretionary form of relief. *E.g., Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214-15 (5th Cir. 2003). To be eligible, an alien must establish, *inter alia*, that the "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence". 8 U.S.C. § 1229b(b)(1)(D). The determination of whether an alien satisfies this requirement is discretionary and not subject to judicial review, "unless the [challenge] involves constitutional questions or questions of law". *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *see also* 8 U.S.C. § 1252(a)(2)(C)-(D).

The denial of cancellation of removal does not implicate any protected liberty or property interests under the Due Process Clause. *See Sattani*, 749 F.3d at 372; *Mireles-Valdez*, 349 F.3d at 219. Nor does Carrillo's removal violate any protected liberty interest he has in the parent-child relationship with his children. *See Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 505 (5th

No. 14-60549

Cir. 2006).  As in *Malagon de Fuentes*, Carrillo's children are free to return to Mexico with him.  *Id.*  Indeed, he testified that they would return with him.

DISMISSED IN PART and DENIED IN PART.