# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 19-60789

Josue Esteban Cardona-Franco,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 680 296

Before Dennis, Elrod, and Duncan, *Circuit Judges.*
Stuart Kyle Duncan, *Circuit Judge*:

Josue Esteban Cardona-Franco, an El Salvadoran citizen, applied for asylum and withholding of removal based on claims he was targeted by gangs for his religious activities. Disbelieving Cardona-Franco's story, an immigration judge (IJ) denied his application. After the Board of Immigration Appeals (BIA) dismissed his appeal and denied reconsideration, Cardona-Franco filed two petitions seeking our review. We deny them.

No. 19-60789

## I.

In July 2016, Cardona-Franco admitted to an IJ that he was removable because he had unlawfully entered the United States in November 2015. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Age seventeen at the time, Cardona-Franco was released to his sister, Karla,[1] a lawful permanent resident of the United States. He applied for asylum and withholding of removal in January 2018, claiming he and his twin brother were targeted for their faith by El Salvadoran gangs. In May 2018, he was found ineligible for asylum by the United States Citizenship and Immigration Services (USCIS), which referred his case to an IJ. At hearings in February and March 2019, Cardona-Franco testified about his evangelizing activities and incidents of gang persecution. Karla also testified.

The IJ denied Cardona-Franco's applications. She found neither Cardona-Franco nor Karla credible. Alternatively, she concluded Cardona-Franco failed to show he had suffered, or had a well-founded fear of, religious persecution. The IJ also denied his request for humanitarian asylum.

Cardona-Franco appealed to the BIA on various grounds. He also submitted new evidence, including copies of two USCIS letters concerning his brother's September 2018 grant of asylum.

The BIA declined to consider the new evidence and dismissed Cardona-Franco's appeal. It added that, even construing his submission as a motion to remand to consider that evidence, Cardona-Franco failed to show that he could not have submitted the evidence to the IJ or that it would likely

---

[1] Karla Cecilia Cardona de Cardona (Karla), the petitioner's sister and guardian, testified on his behalf before the IJ. Clara Noemi Cardona (Clara) is the petitioner's other sister, whom he claims was with him during one of the attacks on his family outside their church in El Salvador.

change the outcome. The BIA also affirmed the IJ's adverse credibility finding. Finally, the BIA rejected Cardona-Franco's claim that the IJ's alleged bias denied him due process of law.

On October 21, 2019, Cardona-Franco timely petitioned for our review. The same day, he filed a motion to reconsider with the BIA raising various issues including the new evidence. Two days later, the BIA notified Cardona-Franco that his motion had been rejected and was being returned for correction because it did not include either the required fee or a fee-waiver request. The notice clarified that the BIA's action "does not extend the original strict time limit" for filing the motion. Nonetheless, Cardona-Franco refiled the corrected motion to reconsider nine days late, along with a motion to accept the late filing.

The BIA denied Cardona-Franco's motion to reconsider as untimely. Alternatively, the BIA reaffirmed the IJ's decision, concluding that Cardona-Franco had shown no error and also that the "new" evidence about his brother's asylum would not likely change the outcome. On May 11, 2020, Cardona-Franco timely filed with this court a second petition for review, this time challenging the BIA's denial of his motion to reconsider.

## II.

In reviewing BIA decisions, we consider the IJ's reasoning insofar as the BIA's decision incorporated it. *Qorane v. Barr*, 919 F.3d 904, 909 n.1 (5th Cir. 2019) (citation omitted). We review the BIA's legal conclusions *de novo* and its fact findings for substantial evidence. *See Pena Oseguera v. Barr*, 936 F.3d 249, 250 (5th Cir. 2019) (citation omitted). We will "not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it." *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017) (citation omitted) (emphasis omitted).

Our jurisdiction to review final orders of removal "encompasses review of decisions refusing to reopen or reconsider such orders." *Mata v. Lynch*, 576 U.S. 143, 147 (2015); *see* 8 U.S.C. § 1252(b)(6). "Motions to reopen deportation proceedings are disfavored, and the party seeking relief has a heavy burden." *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 226 (5th Cir. 2017) (internal quotation marks omitted). We review the denial of a motion to reopen for abuse of discretion. *Ibid.* Under this "highly deferential" standard of review, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez v. Lynch*, 825 F.3d 266, 268 (5th Cir. 2016) (citation omitted).

## III.

Cardona-Franco's first petition raises several claims, all of which fail.

## A.

First, Cardona-Franco argues the BIA erred by not taking notice of the agency decision granting his brother asylum. Had the BIA done so, he claims, it would have ruled that treating his application differently from his brother's was "arbitrary and capricious." We lack jurisdiction to consider this argument because Cardona-Franco has not exhausted it. *See* 8 U.S.C. § 1252(d)(1).

Cardona-Franco raised this argument concerning his brother's asylum grant for the first time in his motion to reconsider. He did not raise the argument initially before the BIA, despite the fact that he was in possession of the pertinent documents. He therefore failed to exhaust the argument. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) ("[A]n issue raised for the first time in a motion for reconsideration that could have been

No. 19-60789

raised earlier has not been properly presented to the BIA" and therefore "does not satisfy § 1252(d)'s exhaustion requirement.").

B.

Next, Cardona-Franco argues the IJ's bias denied him due process. Due process is denied if an IJ reveals "such pervasive bias and prejudice . . . by otherwise judicial conduct as would constitute bias against a party." *Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982). An applicant must prove bias. *Wang v. Holder*, 569 F.3d 531, 540-41 (5th Cir. 2009). An IJ's conduct at a hearing is "very rare[ly]" evidence of bias—only when an IJ's "hostility [is] due to extrajudicial sources" or the IJ shows "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Ibid.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). But "displays of temper" like "expressions of impatience, dissatisfaction, annoyance and even anger" are not themselves evidence of bias. *Ibid.* (quoting *Liteky*, 510 U.S. at 555–56).

Cardona-Franco fails this exacting standard. Describing the IJ's questioning as "aggressive," he claims the IJ was functioning not as a neutral arbiter but as an adversary. We disagree. The IJ is authorized to interrogate, examine, and cross-examine an applicant. 8 U.S.C. § 1229a(b)(1); *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 n.1 (5th Cir. 1986). Though the record shows the IJ asked many questions, it does not show "obvious bias." *See Wang*, 569 F.3d at 540–41 (remarks during trial ordinarily not evidence of bias). The IJ occasionally questioned Cardona-Franco about his religious activities, but only because those activities were the basis for his claims. Those questions evince no hostility to Cardona-Franco's faith. Indeed, the judge overruled the government's objections to Cardona-Franco's testimony about evangelizing gang members and gave him time to formulate his responses. In sum, Cardona-Franco has not pointed to record evidence

5

showing the IJ's "hostility due to extrajudicial sources" or "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Wang*, 569 F.3d at 540–41. We see no basis for disturbing the BIA's rejection of his due process claim. *Singh v. Garland*, 20 F.4th 1049, 1055 (5th Cir. 2021).

## C.

Cardona-Franco next argues that the BIA erred in affirming the IJ's adverse credibility determination.

An IJ may assess credibility based on inconsistencies between an applicant's testimony and prior statements, even if they do not go to the heart of an applicant's claim. *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019) (noting great discretion afforded to IJs in making credibility calls); *Wang*, 569 F.3d at 538–39 (same). "Neither an IJ nor the BIA is required to accept a petitioner's 'explanation for the plain inconsistencies in [his] story.'" *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017) (citation omitted). The IJ's overall credibility determination will be upheld even where the court "doubt[s] the propriety of some of the credibility findings . . . [if] the outcome would not differ had the IJ not considered [the other credibility findings]." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020) (citation omitted); *see also Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006).

The IJ found Cardona-Franco not credible. She found his vague answers about recent events in the United States inconsistent with his detailed knowledge of more remote events in El Salvador. She cited his evasive testimony when questioned about his gun arrest. And she was not satisfied with his accounts of his evangelism because Cardona-Franco gave "repeated vague testimony" and could not answer direct questions about his activities. The IJ also found it "anomalous" that Cardona-Franco could not remember when exactly his other sister, Clara, left El Salvador, "given that the date fell [within the July through October 2015] time period that he

No. 19-60789

exhaustively described in his testimony." The IJ noted that Cardona-Franco's testimony that Clara was with him during a gang-related threat in July 2015 conflicted with Karla's testimony that Clara left El Salvador in 2014.[2]

Cardona-Franco argues the IJ placed "outsized importance" on conflicting testimony and dates, characterizing these as "minor details." But an IJ "may rely on any inconsistency or omission" in making an adverse credibility determination in light of the totality of the circumstances.[3] *Avelar-Olivia*, 954 F.3d at 767. Here, the IJ cited "specific inconsistencies" and "identified crucial omissions in statements" by Cardona-Franco and his sister and in the letters he provided. *Ghotra*, 912 F.3d at 289.

In sum, the evidence does not compel the conclusion that the IJ's negative credibility determinations were wrong. *See Avelar-Oliva*, 954 F.3d at 768–69; *Wang*, 569 F.3d at 540.

## IV.

Cardona-Franco's second petition argues the BIA erred in denying his motion for reconsideration. In part, that motion asked the BIA to consider new evidence, and so to that extent we also treat it as a motion to reopen. *See Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) ("Because [petitioner]

---

[2] For similar reasons, the IJ also found Karla not credible. Indeed, she concluded Karla's testimony was "even more unreliable" because she "had no firsthand knowledge of any of the harms experienced" by Cardona-Franco. Cardona-Franco offers no persuasive reasons to doubt those findings.

[3] Cardona-Franco argues that "an adverse credibility rating cannot rest on Bible trivia." He refers to the IJ's overruling his objections to questions about matters such as the number of books in the Bible. The IJ did ask the Government how such questions were relevant, and the Government argued they went to the credibility of Cardona-Franco's claims to have been an evangelist. Even assuming this line of questioning was improper, though, the IJ's discussion of Cardona-Franco's credibility made no reference to it.

seeks to introduce new evidence, his motion [for reconsideration] is also one to reopen." (citation omitted)).[4]

Insofar as Cardona-Franco's motion was a motion to reconsider the BIA's decision not to remand for further consideration, it was untimely. As the BIA correctly explained, the motion was initially rejected for lack of a filing fee or fee waiver and was not refiled until after lapse of the 30-day filing period. *See* 8 U.S.C. § 1229a(c)(6)(B). Cardona-Franco challenges that determination only in a footnote, and so has waived any error. *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016) (citation omitted). In any event, he offers no meaningful argument as to why the BIA abused its discretion in concluding his motion to reconsider was untimely.

Insofar as Cardona-Franco's motion was a motion to reopen so that the BIA could take notice of his brother's asylum grant, it was timely under the longer 90-day period. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). But Cardona-Franco fails to meet his "heavy burden" to show the BIA abused its discretion in declining to reopen. *Mendias-Mendoza*, 877 F.3d at 226. His motion needed to present new facts that are "'material' and of the sort that 'could not have been discovered or presented at the former hearing.'" *Dada v. Mukasey*, 554 U.S. 1, 14 (2008) (quoting 8 C.F.R. § 1003.2(c)(1)). Even

---

[4] Motions to reconsider are limited to "errors of law or fact in the previous order." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (quoting 8 U.S.C. § 1229a(c)(6)(C)). In contrast, motions to reopen are reserved for new evidence "that is both material and was not available at the time of the underlying proceedings." *Id.* at 283. In distinguishing the two, we look to the motion's substance, not its label. *Zhao*, 404 F.3d at 301. Here, looking to the substance of the motion allows Cardona-Franco's so-called motion to reconsider to qualify under the longer filing period afforded motions to reopen. In other cases, however, looking to the substance of the motion means that so-called motions to reopen are precluded by the shorter filing period afforded motions to reconsider. *Gonzalez Hernandez*, 9 F.4th at 286.

assuming his brother's asylum letter could not have been presented previously, the BIA correctly explained that this "new" evidence would not have changed the outcome of Cardona-Franco's case. Cardona-Franco again makes no meaningful argument to the contrary. He has therefore failed to show that the BIA abused its discretion under the "highly deferential" standard applicable to motions to reopen. *Hernandez*, 825 F.3d at 268; *see also, e.g.*, *Nela v. Holder*, 349 F. App'x 661, 663 (2d Cir. 2009) (finding no abuse of discretion where the BIA declined to remand for consideration of new evidence of asylum grant to applicant's brother).

\* \* \*

The petitions for review are DENIED.