# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2022

Lyle W. Cayce
Clerk

No. 21-60790
Summary Calendar

Syed Rasedul Islam,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 669 599

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Syed Rasedul Islam, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decisions of the Immigration Judge ("IJ") denying his motion to transfer the case to United States Citizenship and Immigration

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Services ("USCIS") and his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Insofar as Islam raises arguments that the country conditions evidence corroborates his claim for a well-founded fear of persecution and his claim for CAT relief, these arguments are not exhausted, thus depriving us of jurisdiction to hear them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

The BIA's adverse credibility determination and rejection of his asylum, withholding, and CAT claims are reviewed under the substantial evidence standard.  *See Cardona-Franco v. Garland*, 35 F.4th 359, 365 (5th Cir. 2022); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we consider the IJ's decision only insofar as it influences the BIA.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Islam's argument that the denial of his motion was grounded in the finding that he used a fraudulent passport fails because the record shows no such finding.  His challenge to the adverse credibility determination fails because the determination is supported by "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344.  Consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination.  *See Singh*, 880 F.3d at 225 (quotation marks and citation omitted).   There is no need for us to consider his remaining arguments concerning asylum and withholding.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). Finally, his CAT claim fails because he cites nothing showing he more likely than not would be tortured with governmental acquiescence if repatriated. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

The petition for review is DENIED in part and DISMISSED in part.