# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2023

Lyle W. Cayce
Clerk

No. 22-60164
Summary Calendar

Vilma Mejia-Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 151 691

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Vilma Mejia-Garcia, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the Immigration Judge's (IJ) denying withholding of removal and protection under the Convention Against Torture (CAT). She also

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60164

maintains her due-process rights were violated by the IJ's bias in conducting her proceedings; and requests her petition be held in abeyance until a decision is issued on her request for prosecutorial discretion.

Because Mejia failed to exhaust her claim that Honduran officials were unable or unwilling to protect her from her alleged persecutors, our court lacks jurisdiction to consider the propriety of this conclusion. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 359–60 (5th Cir. 2022) (explaining claims "BIA never had a chance to consider" are unexhausted (citation omitted)); 8 U.S.C. § 1252(d)(1). Additionally, because showing that officials are unable or unwilling to control the applicant's alleged persecutors is an essential element of a withholding claim, we need not consider her remaining assertions concerning this form of relief. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 402, 406 (5th Cir. 2021) (noting "unable or unwilling to control" factor is essential element of claim for withholding); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (stating that "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

Her challenge to the dismissal of her CAT claim fails because she has not shown she will be tortured with governmental acquiescence if removed. *E.g.*, *Tabora Gutierrez v. Garland*, 12 F.4th 496, 502 (5th Cir. 2021) (explaining CAT protection requires showing "it is more likely than not that [applicant] . . . would be tortured if removed to the proposed country of removal" (citation omitted)). Because governmental inability to assist does not amount to its acquiescence for CAT purposes, Mejia fails to make the requisite showing. *Id.* at 504.

For her due-process claim, Mejia asserts her rights were violated by the IJ's: manner, method of questioning her, and failure to comply with the requisite portion of the Ethics and Professionalism Guide for Immigration

Judges (the Guide).  The BIA concluded:  the Guide provides no rights to litigants; and Mejia failed to preserve her allegations of judicial misconduct, and, alternatively, that her contentions lacked merit.  Constitutional challenges raised in removal proceedings are reviewed *de novo*.  *Nkenglefac v. Garland*, 34 F.4th 422, 427 (5th Cir. 2022).  Even assuming *arguendo* Mejia preserved this claim, she fails to show bias by the IJ, as she has not shown "hostility . . . due to extrajudicial sources or . . . a deep-seated favoritism or antagonism that would make fair judgment impossible".  *Cardona-Franco v. Garland*, 35 F.4th 359, 363 (5th Cir. 2022) (citation omitted).

Finally, she presents no persuasive contentions and cites no authority showing she should receive an abeyance while she seeks an exercise of prosecutorial discretion.

DISMISSED in part; DENIED in part.

No. 22-60164

Haynes, *Circuit Judge*, concurring:

I concur in the majority opinion but write to add an explanation regarding the abeyance issue. As mentioned in the majority opinion, Mejia-Garcia references a motion she filed for abeyance pending her request for prosecutorial discretion which was denied by a single judge. It was unopposed but sought only a limited period of abeyance (until August 29, 2022). She did not file a motion for reconsideration at the time, and that motion is now clearly moot. In the brief, she mentioned only that the request for prosecutorial discretion was still pending so she sought "an abeyance order from this court in these proceedings" so that it could be adjudicated (and that her motion had been denied). She gave no time limit or statement of any Governmental agreement (or even any clarity as to her request). Accordingly, I concur.