# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

No. 21-60763
Summary Calendar

CHANNY CHHUN,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 855 963

Before RICHMAN, *Chief Judge*, STEWART, and WILLETT, *Circuit Judges*.
PER CURIAM:*

Channy Chhun, a native and citizen of Cambodia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because his numerous due process issues were not

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60763

raised before the Board of Immigration Appeals (BIA), we lack jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam); *see also Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

We review the BIA's decision for substantial evidence. *See Cardona-Franco v. Garland*, 35 F.4th 359, 363 (5th Cir. 2022); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We consider the BIA's decision only insofar as it influenced that of the IJ. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). The BIA's adverse credibility determination is supported by "specific and cogent reasons derived from the record," *Zhang*, 432 F.3d at 344 (citations omitted), and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *Singh*, 880 F.3d at 225 (citation omitted); *see also id.* at 224. Additionally, the record does not compel a contrary conclusion to that of the BIA on the issue whether Chhun failed to demonstrate that he more likely than not would be tortured if repatriated. *See Zhang*, 432 F.3d at 344; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.