# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60616
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2023

Lyle W. Cayce
Clerk

Jorge Reyes-Alvarado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 550 511

———————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jorge Reyes-Alvarado, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) denying his application for cancellation of removal and ordering him removed. This

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court reviews the BIA's decision and considers the IJ's only insofar as it is adopted by the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Insofar as Reyes-Alvarado challenges the IJ's determinations concerning good moral character and credibility, this court may not review them. *See id.* The BIA "agree[d]" with the IJ's "dispositive" conclusion that Reyes-Alvarado had not made the requisite showing of "exceptional and extremely unusual hardship" to his United States children. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). Because Reyes-Alvarado does not address this issue, and we are precluded from reviewing the portions of the IJ's opinion not adopted by the BIA, the issues of his good moral character and credibility are not properly before this court.

Reyes-Alvarado's argument that his due process right not to be separated from his children will be infringed by the denial of his cancellation claim fails because the denial of cancellation does not implicate any protected interests under the Due Process Clause and because removal does not implicate any protected liberty interest in a parent's relationship with his children. *See Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003); *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 505-06 (5th Cir. 2006); *see also Carrillo-Almazan v. Lynch*, 613 F. App'x 441, 442 (5th Cir. 2015). Finally, his argument that his due process rights were violated when the IJ and BIA exhibited bias fails because he has not shown "pervasive bias and prejudice" or "hostility due to extrajudicial sources or . . . a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Cardona-Franco v. Garland*, 35 F.4th 359, 363 (5th Cir. 2022) (internal quotation marks and citation omitted).

The petition for review is DENIED.