# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60496
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2024

Lyle W. Cayce
Clerk

Karla Patricia Damas-Torres; Brithani Esperanza Lopez-Damas; Yostin Josue Lopez-Damas,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 980 880,
A208 980 881, A208 980 882

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Karla Patricia Damas-Torres and her minor children, Brithani Esperanza Lopez-Damas and Yostin Josue Lopez-Damas, all natives and citizens of Honduras, petition this court for review of a decision of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ) denial

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Damas-Torres first challenges the agency's adverse credibility determination. In evaluating her challenge, we review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's credibility determination is reviewed for substantial evidence, we may not disturb it unless the evidence "compels" a contrary conclusion. *Singh*, 880 F.3d at 224-25 (quote at 225). Furthermore, the BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Nonetheless, an adverse credibility determination must be grounded in "specific and cogent reasons derived from the record." *Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted). An adverse credibility determination is dispositive as to asylum and withholding of removal claims and to CAT claims that are predicated solely on the applicant's incredible testimony. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021) (asylum claim); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (withholding claim); *Efe v. Ashcroft*, 293 F.3d 899, 907-08 (5th Cir. 2002) (CAT claim).

As stated, an adverse credibility finding may be supported by any omission or inconsistency, whether or not it goes to the heart of the applicant's claim, as long as it is plausible under the totality of the circumstances. *Cardona-Franco v. Garland*, 35 F.4th 359, 364-65 (5th Cir. 2022). Further, this court has previously rejected an argument that "the IJ placed 'outsized importance' on conflicting testimony and dates, characterizing these as 'minor details.'" *See id*. at 365. Here, as in *Cardona-*

*Franco*, "'the IJ cited 'specific inconsistencies' and 'identified crucial omissions in statements,'" and the BIA cited those inconsistencies and omissions when it upheld the IJ's adverse credibility finding. *Id.* (quoting *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019)); *see* ROA.8, 41. Moreover, this court has held that "reliance on records of credible fear and asylum interviews generally is not improper and that discrepancies among an applicant's credible fear interview, other records, and testimony can be considered in deciding credibility." *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022) (collecting cases). Finally, the IJ questioned Damas-Torres about the relevant inconsistencies and omissions and found her explanations unpersuasive; and neither the BIA nor the IJ was bound to accept them. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017); ROA.8, 41. Accordingly, Damas-Torres fails to establish that the evidence compels the conclusion that she was a credible witness. *See Singh*, 880 F.3d at 224-25.

Because Damas-Torres's asylum and withholding claims relied only on testimony that was deemed not credible, the BIA did not err when it upheld the IJ's denial of those claims. *See Arulnanthy* 17 F.4th at 597; *Dayo*, 687 F.3d at 658-59. Therefore, we need not consider her remaining arguments as to asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Because Dames-Torres addresses only the merits of her CAT claim, which the BIA did not reach, she has abandoned any challenge to the BIA's denial of CAT relief. *See United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc) (direct criminal case) ("It goes without saying that we are a court of review, not of original error. Restated, we review only those issues presented to us; we do not craft new issues or otherwise search for them in the record.").

The petition for review is DENIED.