# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60577
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2024

Lyle W. Cayce
Clerk

Luis Alberto Martinez Medina,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A203 796 175

---

Before Smith, Stewart, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Luis Martinez Medina, a native and citizen of Cuba, petitions for review of the October 6, 2023, decision of the Board of Immigration Appeals ("BIA") denying his May 15, 2023 motion, which the BIA construed as both a motion for reconsideration and a second motion for reopening. Although Martinez Medina makes arguments here that also challenge the BIA's earlier April 14, 2023, decision denying his first motion to reopen, the April 14 deci-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sion is not independently before us for review because he did not file a petition for review of that decision. *See Ramos–Lopez v. Lynch*, 823 F.3d 1024, 1027 (5th Cir. 2016) (recognizing that separate petitions for review are required to challenge the BIA's decisions on each motion for reopening and reconsideration).

We review the BIA's October 6, 2023, decision under "a highly deferential abuse-of-discretion standard" and will uphold it as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). Constitutional claims and questions of law are reviewed *de novo*. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

To succeed regarding reconsideration, Martinez Medina "must identify either a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (internal quotation marks and citation omitted). In its decision denying Martinez Medina's first motion to reopen, the BIA reasoned that the first motion to reopen was untimely and that Martinez Medina did not show that he met any exception to the applicable limitations period. His motion for reconsideration of that decision did not dispute that his first motion to reopen was untimely; it instead raised for the first time a claim of equitable tolling. Accordingly, the BIA did not abuse its discretion in concluding that Martinez Medina failed to identify a factual or legal error in the BIA's denial of his first motion to reopen as untimely. *See Jaco*, 24 F.4th at 401.

Further, the BIA did not abuse its discretion in denying reconsideration with respect to the newly raised claim of equitable tolling. A motion for reconsideration is confined to the substance of the BIA decision being chal-

lenged and is not a proper avenue for raising new issues or arguments that could have been presented earlier. *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). Martinez Medina contends that his circumstances warranted equitable tolling on the merits, but he does not address the BIA's dispositive ruling that he could have raised his claim of equitable tolling earlier and failed to do so. He has thus forfeited any such argument. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023).

Because Martinez Medina's May 15, 2023, motion presented new evidence in addition to seeking reconsideration, the BIA correctly construed it also as a second motion to reopen. *See Cardona-Franco v. Garland*, 35 F.4th 359, 365 (5th Cir. 2022). In addition to ruling that the second motion to reopen was time barred, the BIA determined that the motion was number-barred because Martinez Medina was limited under 8 U.S.C. § 1229a(c)-(7)(A) to filing one motion to reopen. The government contends that the BIA correctly applied the number bar.

Martinez Medina does not brief, and has therefore forfeited, any argument contesting the BIA's conclusion that his second motion to reopen was number-barred. *See Medina Carreon*, 71 F.4th at 255. Because "[t]he number bar is a separate impediment to relief," we need not reach his arguments challenging the BIA's additional untimeliness determination. *See Djie v. Garland*, 39 F.4th 280, 283 (5th Cir. 2022).

Martinez Medina also contends that the BIA violated his due process rights in denying reconsideration and reopening. He cannot establish a due process violation because there is no liberty interest at stake in a motion for reconsideration or reopening on account of the discretionary nature of the relief sought. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 287 (5th Cir. 2021); *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550–51 (5th Cir. 2006). Lastly, Martinez Medina's theory that the petition for review should be

No. 23-60577

granted based on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), is unavailing, as he has not shown that the BIA's reasons for denying reconsideration and his second motion to reopen implicate any deference formerly afforded under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

The petition for review is DENIED.